UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Anthony Primus, # 252315, | ) C/A No. 4:13-768-JFA-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Mr. William Byars, | ) |
| Defendant. | ) |

James Anthony Primus ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, files a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner within the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) (B), and Local Civil Rule 73.02(B)(2)(d) DSC, the assigned magistrate judge is authorized to review such complaints for relief and submit findings and recommendations to the assigned district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint for failure to state a claim.

**Factual Background**

Plaintiff files a civil rights complaint against the director of the SCDC claiming violation of Due Process. ECF No. 1. Plaintiff alleges on October 5, 2004, a person other than the victim of his 1998 conviction for kidnapping was placed in his SCDC file as a victim witness to be notified upon Plaintiff's release. *Id.* The inmate grievance form attached to the complaint states that the non-victim is an attorney who wrote a letter stating that she has a restraining order against Plaintiff, which Plaintiff denies. ECF No. 1-1. Plaintiff complains that the notification of a non-victim was placed in his SCDC file without due process and it "causes hardships to my incarceration such as transfers and job assignments." ECF No. 1 at 3. He seeks to have the non-victim removed from his

SCDC record. *Id*. at 4.

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and sues the director of SCDC, a governmental officer or employee, so review is also required by 28 U.S.C. § 1915A.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) (B), as well as 28 U.S.C. § 1915A(b), for failure to state a claim.

**Discussion**

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Defendant Byars**

Plaintiff alleges violation of his constitutional right to due process and names William Byars, SCDC Director, as the sole defendant. However, Plaintiff does not allege any facts showing how Defendant Byars was personally involved in any of the factual allegations claiming a constitutional violation. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001). The Supreme Court states that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Kentucky v. Graham*, 473 U.S. 159, 168 (1985) (to assert a viable § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued). The complaint contains no

3

allegations of any individual action, or inaction, by Defendant Byars. In as much as Plaintiff sues Defendant Byars in his supervisory capacity as SCDC Director, a § 1983 claim for supervisory liability cannot be based on the doctrine of *respondeat superior* or supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). The complaint fails to allege Defendant Byars was personally involved in the alleged violation of Plaintiff's constitutional right to due process, and Defendant Byars' broad supervisory responsibilities as SCDC Director do not impose supervisory liability under § 1983. The complaint fails to state a claim against Defendant Byars for violation of a federal right under § 1983.

**B. Due Process**

The complaint also fails to identify the violation of any federal right. The complaint alleges violation of due process based on changes made to Plaintiff's SCDC file concerning notification of a non-victim upon Plaintiff's release. The Fourteenth Amendment mandates procedural safeguards to protect individual rights from unjust government deprivation through the Due Process Clause, which states "nor shall any State deprive any person of life, liberty, or property, without due process of law... ." CONST. XIV. A claim for a procedural due process violation must allege the deprivation of one of the three protected categories: life, liberty, or property. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). If the deprivation involves a protected right, the claim must allege the failure to provide the minimum level of procedural protection required under the circumstances. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Mallette v. Arlington County Employees'*

*Supplemental Retirement System II*, 91 F.3d 630 (4th Cir. 1996)(procedural due process claim involves two prong inquiry).  The complaint in this case fails the initial inquiry because the factual allegations do not establish the deprivation of life, liberty, or property.

Plaintiff alleges that his prison record maintained by SCDC was altered to require notice of his release to a non-victim without providing Plaintiff with procedural due process.  Procedural due process involves meaningful notice and an opportunity to be heard, the minimum procedural safeguards guaranteed by the Constitution to protect an individual's liberty or property interests.  The alleged modification of Plaintiff's prison record, however, does not implicate a liberty or property interest.  Plaintiff has no property interest in SCDC's file, nor does the addition of notification to a person upon Plaintiff's release affect the duration of Plaintiffs imprisonment, which could implicate a protected liberty interest.  Plaintiff alleges that the additional notification "causes hardships to my incarceration such as transfers and job assignments." ECF No. 1 at 3.  The alleged hardships do not involve protected liberty or property interests, as Plaintiff has no constitutional right to be transferred or to be placed within a specific institution or to be placed in a prison job. *See Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978)(work assignments are generally within the discretion of the prison administrator); *see also*, generally, *Meachum v. Fano*, 427 U.S. 215, 225 (1976)(no liberty interest in custodial classifications).  No protected liberty interest exists for inmates of SCDC from being classified, or being placed in a particular section of a prison, or placed in a particular prison, or being placed in a prison job.  In order to advance a due process claim, Plaintiff must first establish that he has a property or liberty interest at stake, and Plaintiff  cannot meet this initial burden, because he has no property or liberty interest in the SCDC file he alleges was modified without due process protection.

The scope of § 1983 guarantees a person's constitutional rights against violation by state actors, but does not provide any relief for violation of prison procedures or maintenance of prison records that do not implicate a constitutional right. The complaint fails to allege the violation of a constitutional right that would trigger protective procedural due process, and therefore fails to state a claim for relief under § 1983. The complaint should be dismissal under the provisions of 28 U.S.C. § 1915(e)(2) (B), as well as 28 U.S.C. § 1915A(b), for failure to state a claim.

## Recommendation

Based on the foregoing, it is recommended that the District Judge dismiss the complaint *without prejudice* for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 31, 2013
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).