IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Anthony Primus, | ) | C/A No.  4:13-768-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Mr. William Byers, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, James Anthony Primus, is a state inmate with the South Carolina Department of Corrections (SCDC).  He brings this action pursuant to 42 U.S.C. § 1983[1] claiming that his due process rights were violated as a result of the placement of an alleged victim witness notification in his SCDC file.  He contends that this notification requirement causes hardships with regard to transfers and job assignments.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation and opines the complaint should be dismissed for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the

_____

[1]  The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

1

court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so. The court has reviewed the objections and will address them herein.

The Magistrate Judge correctly suggests that the plaintiff has failed to allege any facts showing how the sole defendant, SCDC Director William Byars, was personally involved in any of the factual allegations claiming a constitutional violation which is a necessary element of a § 1983 claim against a government official in his individual capacity.

The Magistrate Judge also suggests that the complaint fails to identify the violation of any federal right in the plaintiff's allegations of due process violations based on changes made to the plaintiff's SCDC file concerning notification of a non-victim upon plaintiff's release.

In his objection memorandum, the plaintiff requests that the court allow him leave to clarify his initial complaint. Applying the requisite liberal standard to the plaintiff's *pro se* objections, this court construes plaintiff's objections as a motion to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). "In the absence of any apparent or declared

2

reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action.").

In light of the liberal construction accorded to *pro se* pleadings, the court concludes that plaintiff's objections should be construed as a motion to amend the complaint, and should be granted as such.

After a careful review of the record, the applicable law, and because the court will allow the plaintiff to amend his complaint, the court respectfully declines to adopt the Magistrate Judge's Report and Recommendation.

Accordingly, the plaintiff shall be granted leave to amend his complaint.  Such amended complaint must be filed within thirty (30) days of the date of this order.  The Clerk shall return this matter to Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2013
Columbia, South Carolina