UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Anthony Primus, # 252315, ) | |
| ) | C/A No. 4:13-768-JFA-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Brian Stirling, S.C.D.C. Director; ) | |
| Tiffany N. Richardson, O.D.C. ) | |
| ) | |
| Defendants. ) | |
| ) | |

James Anthony Primus ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner within the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) (B), and Local Civil Rule 73.02(B)(2)(e) D.S.C., the assigned magistrate judge is authorized to review such complaints for relief and submit findings and recommendations to the assigned district judge. See 28 U.S.C. §§ 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**FACTUAL BACKGROUND**

Initially, on March 25, 2013, Plaintiff filed a civil rights complaint against the director of the SCDC claiming violation of Due Process. ECF No. 1. In his original complaint, Plaintiff alleges that on October 5, 2004, a person other than the victim of his 1998 conviction for kidnapping was placed in his SCDC file as a victim witness to be notified upon Plaintiff's release. Id. The inmate grievance form attached to the complaint states that the non-victim is an attorney who wrote a letter stating that she has a restraining order against Plaintiff, which Plaintiff denies. ECF No. 1-1. Plaintiff complains

1

that the notification of a non-victim was placed in his SCDC file without due process and it "causes hardships to my incarceration such as transfers and job assignments." ECF No. 1 at 3. He seeks to have the non-victim removed from his SCDC record. Id. at 4.

On May 31, 2013, the undersigned issued a report and recommendation recommending that the complaint in this action be dismissed for failure to state a claim on which relief may be granted. The district court declined to accept the report and, construing Plaintiff's objections as a motion to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, gave Plaintiff thirty days to file an amended complaint. After Plaintiff filed an amended complaint, and two subsequent motions to amend the same, this undersigned issued an order giving Plaintiff thirty days within which to file one complete amended complaint. On March 14, 2014, Plaintiff filed the amended complaint currently before the court.

In his March 14th filing, Plaintiff reiterates his allegations that a person other than the victim of his 1998 conviction for kidnapping was placed in his SCDC file as a victim witness to be notified upon Plaintiff's release. He also alleges that defendant Richardson, an attorney with the Office of Disciplinary Counsel, breached certain professional and fiduciary duties.[1]

---

[1] He also includes a recitation of facts related to the surgical removal of a cyst back in 2006. Although he does not list Dr. Robert E. Lee (the physician who apparently performed the surgery) as a defendant in this case, this court may take judicial notice of Civil Action No. 07-911 in which Plaintiff filed a complaint against Dr. Lee based upon the same facts recited here. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to summary

---

To the extent that Plaintiff attempts to include Dr. Lee as a defendant in the instant case, the asserted claims against him would be subject to dismissal for the same reasons the complaint filed in Civil Action No. 07-911 was subject to dismissal. See <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, <u>supra</u>, where the United States Court of Appeals for the Fifth Circuit commented: "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, <u>supra</u>, 425 F.2d at 1296.

3

dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The complaint in this action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.     Defendant Stirling

Plaintiff alleges violation of his constitutional right to due process and names Brian Stirling SCDC Director, as a defendant. However, Plaintiff does not allege any facts showing how Defendant Stirling was personally involved in any of the factual allegations claiming a constitutional violation. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). The Supreme Court states that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); see also *Kentucky v. Graham*, 473 U.S. 159, 168 (1985) (to assert a viable § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of

4

which the plaintiff complains and the official sued). The complaint contains no allegations of any individual action, or inaction, by Defendant Stirling. In as much as Plaintiff sues Defendant Stirling in his supervisory capacity as SCDC Director, a § 1983 claim for supervisory liability cannot be based on the doctrine of respondeat superior or supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). The complaint fails to allege Defendant Stirling was personally involved in the alleged violation of Plaintiff's constitutional right to due process, and Defendant Stirling's broad supervisory responsibilities as SCDC Director do not impose supervisory liability under § 1983. The complaint fails to state a claim against Defendant Stirling for violation of a federal right under § 1983.

B.     Defendant Richardson

Plaintiff further names as a defendant in this case an attorney named Tiffany N. Richardson, who is with the Office of Disciplinary Counsel for South Carolina. *See generally In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). To the extent Plaintiff names this attorney in her capacity as a prosecuting attorney for the State Government, she is entitled to summary dismissal because prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail

5

hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 272–73, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); Burns v. Reed, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Dababnah v. Keller–Burnside,* 208 F.3d 467 (4th Cir.2000). Courts that have considered the issue in reported cases have also extended prosecutorial immunity to prosecutorial disciplinary counsel. *See Stein v. Disciplinary Bd.,* 520 F.3d 1183, 1193 (10th Cir.2008) (absolute prosecutorial immunity extends to bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline) (citing *Clulow v. State of Oklahoma,* 700 F.2d 1291, 1298 (10th Cir.1983)); *Hirsh v. Justices of the Supreme Court of the State of California,* 67 F.3d 708, 715 (9th Cir.1995) (granting bar counsel absolute quasi-judicial immunity for their role in attorney disciplinary system); *see also Hekyong Pak v. Ridgell,* C/A No. RDB–10–01421, 2011 WL 3320197 at *7 (D.Md. Aug.1, 2011) ("In light of the persuasive authority in other Circuits, analogous cases in the Fourth Circuit, and the Supreme Court's jurisprudence regarding prosecutorial immunity, this Court finds that bar counsel prosecutors are afforded absolute immunity for conduct performed in a judicial capacity.").

In addition, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson,* 454 U.S. 312, 317–24 & nn. 8–16, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender); *Hall v. Quillen,* 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) (private attorney). While it does not appear that defendant Richardson ever acted as defense counsel for Plaintiff, to the extent she is named for performing traditional functions as counsel, she is not considered a "person acting under color of state law" for purposes of § 1983.   Therefore, defendant Richardson should be summarily dismissed from this case.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the district judge dismiss the complaint without prejudice for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Assuming plaintiff's § 1983 claim is dismissed by this court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, the court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, it is recommended that the court not exercise supplementary jurisdiction.

|  |  |
|---|---|
|  | s/ Thomas E. Rogers, III |
| May 7, 2014 | Thomas E. Rogers, III |
| Florence, SC | United States Magistrate Judge |

The plaintiff's attention is directed to the notice on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).